**In re The PRUDENTIAL INSURANCE COMPANY OF AMERICA SALES PRACTICES LITIGATION.**

**This Document Relates to all Actions.**

**No. Civ.A. 95–4704.**

United States District Court,
D. New Jersey.

April 19, 2000.

---

**584**

Melvyn I. Weiss, Brad N. Friedman, Milberg Weiss Bershad Hynes & Lerach, New York City, for Class.

Reid L. Ashinoff, Sonnenschein Nath & Rosenthal, New York City, for Prudential.

## *OPINION*

WOLIN, District Judge.

In the exercise of its supervisory function and with a zeal to protect the integrity of the proceedings before it, the Court has been sensitive to the hue and cry of wrongdoing directed at The Prudential Insurance Company. Whenever such a circumstance has occurred, whatever its dimension and regardless of its source, it has been pursued with the appropriate degree of resource necessary to meet the challenge. With this opinion, the Court directs its attention to the Final Report of an investigation into alleged improprieties in the administration and implementation of the ADR process at Prudential's Plymouth, Minnesota, facility.

Almost five years have elapsed since the Court commenced its supervision of this complex class action initiated on behalf of more than eight million owners of more than ten million permanent life insurance policies. In that relatively short period of time, approximately 500,000—600,000 claims have been resolved through an innovative alternative dispute resolution process that has harvested claimant benefits worth more than $2.8 billion, exclusive of administrative expenses. With claims still outstanding, it is fair to infer that the bottom line claimant benefits will exceed three billion dollars.

With a five year perspective at hand, the Court is able to gauge warranted and unwarranted criticism that flows from the implementation of the ADR process. Some of the criticism is justified, and where justified, it has been remedied. Much of the criticism, however, in fact the greater percentage of it, has been either overstated or unjustified.

The Court starts from the premise that the ADR process, in the main, has been an extraordinary success. Both class counsel and Prudential deserve the highest commendation of this Court for what they have achieved during the attenuated progress of this litigation. Never have so many received so much in such a brief period of time. This has truly been an unprecedented litigation and a template for others to follow.

Nevertheless, litigation is a process that is constantly evolving, like driving an automobile, and is subject to an onslaught of pitfalls and hazards along the way.

Ways, methods and means have been devised to meet these systemic problems with remarkable success when contrasted against the number of claims processed and the head count required to process these claims. Has the process been perfect? The answer is no. But then again, no process is perfect. Bumps do occur in the road, and will reoccur. The critical

inquiry is how do you face hazards when they are brought to your attention.

This Court received a commitment from Prudential's Chairman, Arthur Ryan, that he and his senior management would commit whatever resources were necessary to fairly remediate all claimants. Mr. Ryan and Prudential have been true to their word.

While in some quarters praise of Prudential and its senior management may seem unwarranted, this Court has no misgivings to heap praise upon them when it is well deserved. In the pursuit of a level playing field, praise and criticism are inherent elements intertwined with the supervisory power of the Court.

The introduction to the Final Report provides the procedural basis that spawned this expansive and all-inclusive document. The Report was a prodigious effort, bottomed in the review of 169,000 pages of documents and the depositions of 104 witnesses. Its focus was (1) systemic and/or intentional undermining of the Settlement by Prudential; (2) gross negligence in the implementation of the Settlement; and/or (3) inadvertent or unanticipated results in the implementation of the Settlement that may have affected more than a *de minimis* percentage of policyholders who submitted claims to the ADR.

The drafters of the Report found no credible evidence to support any of the critical areas of inquiry and conclude:

> that Prudential did not intentionally, or through gross negligence, cheat, shortchange, or otherwise disadvantage Claimants. Nor have we found credible evidence of widespread or systemic errors or problems that inadvertently went uncorrected.

The Court has carefully read and scrutinized the Report. It is satisfied that there were no material improprieties in the administration and/or the implementation of the ADR process. No, the process was not perfect; but perfection is a concept that is both unrealistic and unattainable at any level of endeavor.

The Court is comfortable in its acceptance of this Report. It's five-year perspective and management of this litigation eases its burden and provides context to its acceptance decision.

### ORDER

In accordance with the Court's Opinion filed herewith,

It is on this 19th day of April, 2000

ORDERED as follows:

1. The Final Report of Investigation Into Alleged Improprieties in the Administration and Implementation of the ADR Process, submitted by Milberg Weiss Bershad Hynes & Lerach, L.L.P., is accepted by the Court and will be filed with the Clerk of the Court, effective immediately; and

2. The Prudential Insurance Company shall promptly reimburse Class Counsel for all fees and costs associated with the investigation and Final Report of the ADR process at Prudential's Plymouth, Minnesota, facility.